■ ISELIN-JEFFERSON FINANCIAL CO., INC., Appellant, v. MAKEL TEXTILES, INC., Respondent. (Action No. 1.) ISELIN-JEFFERSON FINANCIAL CO., INC., Appellant, v. MAKEL TEXTILES, INC., Respondent. (Action No. 2.) — Order, entered on or about January 6, 1964, unanimously reversed, on the law, with $20 costs and disbursements to appellant, defendant's motion to consolidate the actions denied, plaintiff's cross motion to dismiss the " set-off and counter-claim " contained in defendant's answer in Action No. 2 granted, and the Clerk is directed to enter judgment in favor of plaintiff against defendant in

Action No. 2 in the sum of $110,299.26, with interest from September 1, 1963, and costs. The substance of the counterclaims which are in issue is that Textilfoam, Inc., furnished goods and services to defendant, that the latter paid the price thereof to plaintiff, a factor to whom Textilfoam had assigned the accounts receivable arising from the transactions, that the goods were defective and the services improperly performed, and that defendant is therefore entitled to a refund from plaintiff. *McMullen Leavens Co.* v. *Van Buskirk Co.* (275 App. Div. 701, affd. 299 N. Y. 784) and *Matter of Kaufman (Iselin & Co.)* (272 App. Div. 578) establish that defendant's remedy is exclusively against Textilfoam, rather than against its assignee. The allegations that defendant's payments were the result of a mistake are no more than a statement that defendant would not have paid for defective goods and services had it known of the defects — a circumstance present and deemed irrelevant in the cases cited. No inference that plaintiff knew or should have known of Textilfoam's deficient performance can be drawn from the statement in the affidavit of defendant's treasurer that plaintiff was aware of Textilfoam's " deteriorating financial condition." Since liability for the full amount sued for in Action No. 2 is not denied, dismissal of the counterclaims requires entry of judgment in that action in favor of plaintiff and renders consolidation of the actions without purpose. Settle order on notice. Concur — Botein, P. J., Stevens, Eager and Steuer, JJ.